The bill is for an accounting of the profits of the dissolved co-partnership of Newman-Shields.
In a suit in the Orange district court of Shields v.Newman, the latter, by counter-claim, set up the same cause for action alleged by the bill, and judgment was rendered against him. Later, in a suit in the Essex circuit court by Shields against Newman and one Shallcross, individually and as co-partners, in which Shallcross was not served and the cause was prosecuted against Newman individually, he set up the same cause for action by counter-claim. Upon a reference the referee found for Shields and against Newman on his counter-claim. Upon a trial by jury, judgment was entered against Newman.
The complainant has had his day in court, not once but twice. He cannot be heard again. In partnership accounting, law and equity courts have concurrent jurisdiction. Pom. Eq. Jur. 1416,1420. While the action of account has fallen into disuse at law, and equity jurisdiction over partnership accounting is almost exclusive, yet the complainant *Page 230 
having submitted his cause of action for an accounting to the law courts for trial and it having been there adjudged against him, he is barred from again suing in equity. The parties and the cause for action in this and the two law suits are identical and the issues are res adjudicata. Spingarn v. Spingarn, 8 N.J.Mis. R. 423; 150 Atl. Rep. 764.
Bill dismissed.